**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARLOS QUINTANILLA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:24-CV-4160** |
| | § | |
| **JASON BROWN, C R TRANSPORT,** | § | **JURY DEMAND** |
| **INC., AND LYONDELL CHEMICAL** | § | |
| **COMPANY** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS CR TRANSPORT, INC.'S AND**
**JASON BROWN'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants CR Transport, Inc. and Jason Brown ("Defendant") hereby file this Notice of Removal as to the state court action styled *Carlos Quintanilla v. Jason Brown, et al.*, Cause No 2024-58616, from the 55th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendants are entitled to removal because diversity jurisdiction lies in the United States District Court for the Southern District of Texas. Diversity jurisdiction exists where there is complete diversity between the Plaintiff and Defendants and where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). Moreover, Defendant states that Co-Defendant Lyondell Chemical Company ("LCC") is fraudulently joined as there is no plausible cause of action against it. Accordingly, in this matter, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00. In support of this Notice of Removal Defendant shows the Court as follows:

## I.    INTRODUCTION

1.    Plaintiff Quintanilla (hereinafter "Plaintiff") originally brought this action in the 55th Judicial District Court of Harris County, Texas.  Plaintiff alleges that he was injured as a result of a collision involving Defendant Jason Brown.  Plaintiff alleges that Brown was an employee of CR Transport and carrying a load for Defendant LCC.  See **Exhibit A-1 Plaintiff's Original Petition at ¶12.**

2.    Plaintiff alleges negligence causes of action against all Defendants including LCC. In Section VIII of the Original Petition, Plaintiff alleges that LCC was negligent and grossly negligent in hiring and retaining Defendant CR Transport.  See **Exhibit A-1 Plaintiff's Original Petition at ¶¶21-23.**

3.    On September 24, 2024, LCC filed its Original Answer.  Section II of LCC's Original Answer is a Verified Denial which states in pertinent part:

> LyondellBasell specifically denies that is employed, engaged, contracted with or otherwise specifically utilized CR Transport, Inc. to transport LyondellBasell equipment or materials on the day of the subject incident and therefore, LyondellBasell is neither a proper party, nor liable in the capacity in which it has been sued.

See **Exhibit A-5, Defendant LCC's Original Answer at p. 1.**

4.    Defendant LCC's answer is accompanied by a Verification signed by Paul Kucharczyk verifying subject to the penalty or perjury that that denials contained in Section II of LCC's Original answer and true and correct.  See **Exhibit A-5, Defendant LCC's Original Answer at p. 5.**

5.    Pursuant to 28 U.S.C. §1448, for purposes of removal this Court should consider

the citizen ship of all properly joined defendants.  Where a party is improperly joined, courts should disregard their citizenship in evaluating removal.  *See Cobb v. Dye*, No. 3:17-CV-01109-N, 2017 WL 11635, at *2 (N. D. Tex. Nov. 21, 207).

6.      This Court has diversity jurisdiction over this action because complete diversity of citizenship exists between all properly joined parties, and the amount in controversy exceeds $75,000.00.  Accordingly, the Jason Brown removes this case to this Court.

## II.      DOCUMENTS ATTACHED

7.      Pursuant to L.R. 81, an index of all documents filed in the state court is attached as **Exhibit A**.

8.      Pursuant to L.R. 81.1(a)(4)(C), a copy of each document filed in the state court action is attached as **Exhibit A-1 through A-8.**

9.      No other pleadings or documents have been filed to date in the Texas State Court Action.

10.     A copy of the completed Civil Cover Sheet is attached hereto as **Exhibit B.**

11.     A List of Counsel is attached as **Exhibit C**.

12.     A copy of the state court's docket sheet is attached as **Exhibit D.**

13.     LCC's Consent to Removal is attached as **Exhibit E.**

## III.      THIS NOTICE COMPLIES WITH THE PROCEDURAL REQUISITESOF 28 U.S.C. §§ 1441 AND 1446

14.      On September 2, 2024, Plaintiff Carlos Quintanilla ("Plaintiff") filed a civil action against Defendants in the District Court of Harris County, Texas, 55th Judicial District, styled *Carlos Quintanilla v. Jason Brown, et al*, Cause No 2024-58616, (the "State Court Action").[1]

---

[1] See **Exhibit A-1**

**DEFENDANTS CR TRANSPORT, INC.'S AND JASON BROWN'S**
**NOTICE OF REMOVAL**                                                                                          **PAGE 3 OF 10**
2751.102

15.     On September 5, 2024, Harris County District Court issued Citations for LCC, Jason Brown and C R Transport.[2]

16.     In the Texas State Court Action, Plaintiff alleges negligence and gross negligence against Defendants arising out of a motor vehicle incident that occurred on April 1, 2024, on Sheldon Road in Houston, Texas. Plaintiff states in his Original Petition that he seeks monetary relief of over $1,000,000.00.

17.     Venue is proper in this division and district pursuant to 28 U.S.C. § 1441(a) because Plaintiff's Original Petition was filed in Harris County, Texas which is within the Houston Division of the United States District Court for the Southern District of Texas.

18.     Defendant's notice of removal is timely as 28 U.S.C. § 1446(b) requires removal within thirty (30) days of service.  Here, Defendant Brown did not receive delivery of the Petition until September 28, 2024. Therefore, under 28 U.S.C. $ 1446(b) and perfection of service occurring on September 28, 2024, this Notice of Removal is timely filed.

19.     Pursuant to 28 U.S.C. § 1446(d), Defendant Jason Brown has filed this Notice of Removal with this Court, is serving a copy of this Notice upon all parties of record and will promptly file a copy in the 55th Judicial District Court of Harris County.

20.     Pursuant to 28. U.S.C. § 1446(b)(2), Defendants have conferred and Defendant LCC has consented to removal. A copy of Defendant LCC's Consent to Removal is attached as **Exhibit E.**

### IV.     ARGUMENT AND AUTHORITIES

### A.     Defendant Lyondell Chemical Company is Fraudulently Joined and Should Be Disregarded for Purposes of Diversity Jurisdiction.

21.     For purposes of evaluating diversity jurisdiction a district court may disregarding

---

[2] See **Exhibits A-3 and A-4.**

the citizen ship if a defendant is fraudulently joined to defeat diversity jurisdiction. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 572-573 (5th Cir. 2004). There are two methods which to establish improper joinder "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Canales v. JB Hunt Transport, Inc.*, No. CIV.A. C-11-72, 2011 WL 999539, at *3 (S.D. Tex. Mar. 18, 2011)(*citing Smallwood*, 385 F.3d at 573).

22.     In evaluating whether a plaintiff can establish a cause of action against the non-diverse party, courts should determine whether there is any possibility of success against the non-diverse party under Texas law. *Id.* In doing so, the court should weigh the factual allegations and legal uncertainties in favor of the plaintiff. *Id.* However, a court should find fraudulent joinder where the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in state defendant. *Id.*

23.     To establish fraudulent joinder, a party may submit affidavits or declarations in support of its removal petition. *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Supp. 328, 330 (S.D. Tex. 1995). Accordingly, a claim of fraudulent joinder is treated as a similar Motion for Summary Judgment. *Id.*

24.     Here, Plaintiff's direct negligence claims against Defendant LCC do not state forth a plausible claim for relief against Defendant LCC when the allegations are considered in light of LCC's declaration attached to its Answer. See **Exhibits A-5 LCC's Original Answer at p. 5.**

25.     In Paragraphs 21 of the Original Petition, Plaintiff alleges that Defendant LCC was negligent in failing to "employ a competent and careful contractor to do work…" and was negligent in "the hiring and selection of Defendant CR Transport by hiring an incompetent, unfit, and/or reckless motor carrier…" See **Exhibit A-5 LCC's Original Answer at ¶21**. Further, in

Paragraph 22, Plaintiff alleges that Defendant LCC was negligent in retaining CR Transport, Inc. based on the allegation LCC "retained Defendant CR Transport as a motor carrier." See **Exhibit A-5 LCC's Original Answer at ¶22.**

26.     Texas courts recognize negligent hiring and retention as forms of ordinary negligence. *See generally, Hanson v. Werner Enterprises, Inc.*, No. 2:21-CV-00245-RSP, 2022 WL 17823981, at *2 (E.D. Tex. Dec. 20, 2022)(*citing, Endeavor Energy Res., L.P. v. Cuevas,* 593 S.W.3d 307, 311 (Tex. 2019). To recover in a negligence cause of action, Texas law requires proof (1) a legal duty owed to the plaintiff; (2) breach of hat duty by the defendant; and (3) damages proximately caused by the defendant's breach. *Criswell v. Wal-Mart Stores, Inc.*, No. 1:09-CV-502, 2009 WL 10676642, at *8 (E.D. Tex. Nov. 4, 2009)(citing, *Zarzana v. Ashley*, 218 S.W.3d 152, 157–58 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). A threshold issue is whether the defendant owed a duty of care to the Plaintiff. *Id.*(citing, *Greater Houston Transp. Co. v. Phillips*, 801 S..2d 523, 525 (Tex. 1990). In the context of negligent hiring and retention, the Plaintiff cannot state a submissible cause of action in the absence of evidence that the defendant employed the alleged negligent employee. *Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.). Under Texas law only an employer has a duty to act reasonably in hiring and retaining an employee or contractor. *See Udoewa v. Plus4Credit Union,* No. H–08–3054, 2009 WL 1856055, at *5 (N.D. Tex. June 29, 2009); *see also Garcia v. Zale Corp.*, No. 3:04–CV–1917–D, 2006 WL 298156, at *2 (N.D. Tex. Feb. 1, 2006); *Sanders v. Casa View Baptist Church,* 898 F. Supp. 1169, 1179 (N.D. Tex. 1995), aff'd, 134 F.3d 331 (5th Cir. 1998).

27.     Here, Plaintiff cannot state a plausible cause of action against Defendant LCC as there is no evidence that LCC employed, contracted, or otherwise retained Defendant CR Transport Inc. Both LCC's representative Paul Kucharczyk declared that LCC did not employ or contract

with CR Transport for the load that Jason Brown was transporting on the date of the subject accident.  See **Exhibits A-5 LCC's Original Answer at p. 5 and Exhibit F, Declaration of Regan.**

28.     As there no evidence to support Plaintiff's allegation that LCC employed, retained or otherwise contracted with CR Transport, it cannot state any plausible cause of action against LCC.  As there is no plausible cause of action against LCC it is improperly joined and should not be considered for purposes of evaluating diversity jurisdiction.

> **B.     When the Citizenship of the Proper Parties is Evaluated This Court Has Diversity Jurisdiction Over This Case.**

29.     Diversity jurisdiction exists where there is complete diversity between Plaintiff and Defendants and where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

30.     A natural person is considered a citizen of the state where he or she is domiciled, and "the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019)(quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). However, citizenship requires not only residence, but the "purpose to make the place of residence one's home." *Id*. (quoting, *State of Texas v. State of Florida*, 306 U.S. 398, 59 S. Ct. 563, 83 L.Ed. 817 (1939)(internal quotations omitted).

31.      A corporation is a citizen of every state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1); *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *2 (N.D. Tex. June 18, 2015).

32.     This Court has original jurisdiction over this matter under 28 U.S.C. §1332(a) because there is complete diversity between all joined parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

33.     Defendant Jason Brown is an individual who at the time of the filing of the Texas State Court action, is currently a resident of Ouachita Parish, Louisiana and is a citizen and resident of the State of Louisiana. Brown is domiciled in Ouachita Patrish, Louisiana with the intent to remain in Louisiana for an indefinite period of time. The pleadings before the Court establish, and Defendant asserts that Defendant Brown is a citizen of Louisiana for diversity jurisdiction purposes as his place of residence is in Ouachita Parish, Louisiana.

34.     Defendant C R Transport Inc. is a corporation incorporated under the laws of the State of New Mexico, with its principal place of business in the State of Illinois. This has been true at all times since the dates of the alleged accident in question in this lawsuit. Therefore, Defendant CR Transport Inc. is a citizen of New Mexico and Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

35.     Defendant LCC is and improper party and its citizenship should not be considered for purposes of removal.

36.     Carlos Quintanilla, on whose behalf this suit is brought, is an individual who at the time of the filing of the Texas State Court action, is domiciled in Harris County, Texas with the purpose of making Harris County, Texas his home. The pleadings before the Court establish, and Defendant asserts, that Plaintiff is a citizen of the State of Texas for diversity jurisdiction purposes as his place of residence is in Harris County, Texas, and he has made the residence his home.

37.     Since Plaintiff has been at all relevant times, and still is a citizen of the State of Texas and the existing proper Defendants are not citizens of the State of Texas, there is diversity of citizenships between all plaintiffs and proper defendants. *See* 28 U.S.C. § 1332(a), (c).

38.     On its face, Plaintiff's Original Petition provides a numerical value for the damages sought, such that it is facially apparent that Plaintiff is seeking more than $1,000,000.00 in

damages Thus, pursuant to 28 U.S.C. § 1332, the United States District Court for the Southern District of Texas has jurisdiction over this action.

39.     As there is complete diversity between Plaintiff and the properly joined Defendants, and the amount in controversy exceeds the sum of $75,000.00, this case satisfies the jurisdiction requirements set forth in 28 U.S.C. § 1332.

WHEREFORE, PREMISES CONSIDERED, Defendants CR Transport, Inc. and Jason Brown, pursuant to the foregoing statutes, removes this action for trial from the District Court of Harris County, 55th Judicial District, styled *Carlos Quintanilla v. Jason Brown, et al*, Cause No 2024-58616, to this Court on this 28th day of October 2024.

Respectfully submitted,

**MACDONALD DEVIN MADDEN KENEFICK & HARRIS, P.C.**

By:     /s/*Jennifer A. Cheek*
**PATRICK F. MADDEN**
Texas Bar No. 00787943
Southern District ID 17012
PMadden@MacdonaldDevin.com
**JENNIFER A. CHEEK**
Texas Bar No. 24095098
Southern District ID 3870458
JCheek@MacdonaldDevin.com

12770 Coit Road, Suite 1100
Dallas, Texas 75251
(214) 744-3300 Phone
(214) 747-0942 Facsimile

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court on this 28th day of October 2024.

/s/*Jennifer A. Cheek*
**JENNIFER A. CHEEK**