9/2/2024 1:33 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 91555886
By: Wanda Chambers
Filed: 9/3/2024 12:00 AM

**EXHIBIT A-1**

CAUSE NO. _____

| | | |
|---|---|---|
| **CARLOS QUINTANILLA JR.** *Plaintiff* | § § § | **IN THE DISTRICT COURT OF** |
| **v.** | § § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **JASON BROWN, C R TRANSPORT, INC. and LYONDELL CHEMICAL COMPANY** *Defendants* | § § § § § | **\_\_\_ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Carlos Quintanilla Jr. ("Plaintiff"), and files this Original Petition complaining of Defendants Jason Brown, C R Transport, Inc. and Lyondell Chemical Company (collectively "Defendants"). In support, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends that discovery be conducted under a Level 3 Discovery Control Plan.

### II.
### PARTIES

2. Plaintiff **Carlos Quintanilla Jr.** is an individual residing in Matagorda County, Texas.

3. Defendant **Jason Brown ("Brown")** is an individual residing in Ouachita Parish, Louisiana. Defendant Brown may be served with process at his residence: 111 Vinson Street, West Monroe, Louisiana 71292, or wherever he may be found.

4. Defendant **C R Transport, Inc. ("CR Transport")** is a foreign for-profit corporation doing business in the State of Texas. Defendant CR Transport may be served with process by serving its registered agent: Frank J. Cortina, Jr. at 124 W. Washington Street, Morris, Illinois 60450, or wherever this Defendant and/or registered agent may be found.

Certified Document Number: 116228676 - Page 1 of 11

5.　　　Plaintiff specifically invokes the right to institute this suit against whatever entity or person was conducting business using the assumed or common name of "C R Transport, Inc." or "CR Transport" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Texas Rule of Civil Procedure 28 to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

6.　　　Defendant **Lyondell Chemical Company ("Lyondell")** is a foreign for-profit corporation doing business in the State of Texas with its principal place of business located in Harris County, Texas. Defendant Lyondell may be served with process by serving its registered agent: CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever this Defendant and/or registered agent may be found.

7.　　　Plaintiff specifically invokes the right to institute this suit against whatever entity or person was conducting business using the assumed or common name of "Lyondell Chemical Company" with regard to the events described in this Petition. Plaintiff expressly invokes his right under Texas Rule of Civil Procedure 28 to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III.
### MISNOMER/ALTER EGO

8.　　　In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of the parties named herein. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

Certified Document Number: 116228676 - Page 2 of 11

2

**IV.**
**JURISDICTION AND VENUE**

9.      The Court has jurisdiction over the subject matter of this lawsuit, and the amount in controversy is within the jurisdictional limits of the Court, as Plaintiff seeks monetary relief over $1,000,000.00. *See* TEX. R. CIV. P. 47. Additionally, removal to federal court would be improper as Plaintiff's claims raise no federal question, complete diversity does not exist, and/or the forum-defendant rule would preclude removal.

10.      Venue is proper in Harris County, Texas pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, as Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Because Plaintiff has established proper venue as to the defendants herein, the Court has venue of all defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. *See* TEX. CIV. PRAC. & REM. CODE § 15.005.

**V.**
**FACTS**

11.      On or about April 1, 2024, Plaintiff was traveling on Sheldon Road in Houston, Texas, in the second lane from the right. Defendant Brown was traveling next to Plaintiff in the far-right lane. Suddenly, Defendant Brown began swerving his 18-wheeler towards Plaintiff and into Plaintiff's lane. This continued for a few minutes, until Defendant Brown eventually rammed his 18-wheeler into the side of Plaintiff's vehicle.

12.      Upon information and belief, the 18-wheeler driven by Defendant Brown was owned by Defendant CR Transport. At the time of the incident, Defendant Brown was operating the 18-wheeler in the course and scope of his employment with CR Transport, and while carrying a load for Defendant Lyondell.

Certified Document Number: 116228676 - Page 3 of 11

13.    As a result of the incident, Plaintiff sustained significant injuries, including injuries to his finger, neck, and back.

## VI.
## CAUSES OF ACTION–DEFENDANT JASON BROWN

**A.    NEGLIGENCE**

14.    At the time and on the occasion in question, Defendant Brown owed Plaintiff a duty to exercise ordinary care, meaning the degree of care that would be used by a reasonably prudent person under the same or similar circumstances. Defendant Brown breached this duty by various acts and omissions, including but not limited to:

a.    Failing to operate the subject vehicle in compliance with traffic laws and regulations;

b.    Failing to maintain the subject vehicle in a single lane;

c.    Failing to maintain a proper lookout;

d.    Failing to pay attention to the conditions of the road and/or traffic;

e.    Failing to properly maneuver the subject vehicle to avoid a collision;

f.    Engaging in aggressive driving and aggressive driving behaviors;

g.    Failing to operate the subject vehicle in a reasonable and prudent manner;

h.    Failing to exercise reasonable care to avoid a foreseeable risk of injury to others, including Plaintiff; and

i.    Other acts and omissions deemed negligent.

Such negligence, individually and/or in the aggregate, proximately caused Plaintiff's injuries and resulting damages.

4

**B.    GROSS NEGLIGENCE**

15.    Plaintiff alleges that all acts and omissions on the part of Defendant Brown, individually and/or in the aggregate, constitute gross negligence and were a proximate cause of Plaintiff's injuries and resulting damages. Defendant Brown's acts and/or omissions, when viewed objectively from his standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Defendant Brown had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive/exemplary damages.

## VII.
## CAUSES OF ACTION–DEFENDANT C R TRANSPORT, INC.

**A.    RESPONDEAT SUPERIOR**

16.    Plaintiff affirmatively pleads that any alleged acts of negligence on the part of Defendant Brown were committed while he was acting within the course and scope of his employment with Defendant CR Transport and/or while he was on a mission on behalf of CR Transport. Thus, Defendant Brown's negligence is imputed to Defendant CR Transport under the legal theory of *respondeat superior*.

**B.    NEGLIGENT HIRING**

17.    Plaintiff further pleads that Defendant CR Transport owed Plaintiff a duty to protect him from Defendant Brown's negligent driving. Defendant CR Transport's breach of this duty was a proximate cause of Plaintiff's injuries and resulting damages. CR Transport was negligent in hiring an incompetent, unfit, and/or reckless driver, whom CR Transport knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, and/or reckless, thereby creating an unreasonable risk of harm to others, including Plaintiff.

5

Certified Document Number: 116228676 - Page 5 of 11

**C.    NEGLIGENT RETENTION**

18.    Plaintiff further pleads that Defendant CR Transport negligently retained Defendant Brown as an employee. Defendant CR Transport owed Plaintiff a duty to protect him from Defendant Brown's negligent operation of its vehicle. Defendant CR Transport's breach of this duty was a proximate cause of Plaintiff's injuries and damages. CR Transport retained an incompetent, unfit, and/or reckless driver, whom CR Transport knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, and/or reckless, thereby creating an unreasonable risk of harm to others, including Plaintiff.

**D.    NEGLIGENT ENTRUSTMENT**

19.    Plaintiff further pleads that Defendant CR Transport negligently entrusted the subject vehicle to its employee—Defendant Brown. Defendant CR Transport owned and operated the subject vehicle and consented to and permitted Defendant Brown to operate the subject vehicle at the time of the incident. Defendant Brown was an incompetent, unfit, and/or reckless driver and was negligent on the occasion in question in a manner that was reasonably foreseeable by CR Transport. CR Transport's negligence proximately caused Plaintiff's injuries and damages.

**E.    GROSS NEGLIGENCE**

20.    Plaintiff alleges that all acts and omissions on the part of Defendant CR Transport, individually and/or in the aggregate, constitute gross negligence and were a proximate cause of the incident and Plaintiff's resulting injuries and damages. CR Transport's acts and/or omissions, when viewed objectively from its standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. CR Transport had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Therefore, Plaintiff is entitled to punitive/exemplary damages.

Certified Document Number: 116228676 - Page 6 of 11

## VIII.
## CAUSES OF ACTION–DEFENDANT LYONDELL CHEMICAL COMPANY

**A.     NEGLIGENT HIRING AND SELECTION**

21.     Plaintiff further pleads that Defendant Lyondell owed Plaintiff a duty to protect him from Defendant CR Transport's negligent operation as a motor carrier, as well as from Defendant Brown's negligent driving. Defendant Lyondell is liable for its failure to employ a competent and careful contractor to do work which will involve a substantial risk of physical harm unless it is skillfully and carefully done. Defendant Lyondell's breach of this duty was a proximate cause of Plaintiff's injuries and resulting damages. Lyondell was negligent in the hiring and selection of Defendant CR Transport by hiring an incompetent, unfit, and/or reckless motor carrier, whom Lyondell knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, and/or reckless, thereby creating an unreasonable risk of harm to others, including Plaintiff.

**B.     NEGLIGENT RETENTION**

22.     Plaintiff further pleads that Defendant Lyondell negligently retained Defendant CR Transport as a motor carrier. Defendant Lyondell owed Plaintiff a duty to protect him from Defendant CR Transport's negligent operation as a motor carrier and from Defendant Brown's negligent driving. Defendant Lyondell's breach of this duty was a proximate cause of Plaintiff's injuries and damages. Lyondell was negligent in retaining Defendant CR Transport, an incompetent, unfit, and/or reckless motor carrier, whom Lyondell knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, and/or reckless, thereby creating an unreasonable risk of harm to others, including Plaintiff.

7

Certified Document Number: 116228676 - Page 7 of 11

**C.    GROSS NEGLIGENCE**

23.    Plaintiff alleges that all acts and omissions on the part of Defendant Lyondell, individually and/or in the aggregate, constitute gross negligence and were a proximate cause of the incident, and Plaintiff's resulting injuries and damages. Defendant Lyondell's acts and/or omissions, when viewed objectively from its standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Defendant Lyondell had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive/exemplary damages.

**IX.**
**DAMAGES**

24.    As a result of the incident and the negligence of Defendants, Plaintiff seeks compensation for the following damages:

       a.    Past and future medical expenses;

       b.    Past and future physical pain and suffering;

       c.    Past and future mental anguish;

       d.    Past and future bodily impairment and disability;

       e.    Past and future lost wages and loss of earning capacity;

       f.    Disfigurement and scarring;

       g.    Punitive/exemplary damages;

       h.    Court costs;

       i.    Pre- and post-judgment interest as allowed by law; and

       j.    Any and all other damages to which Plaintiff may be justly entitled.

Certified Document Number: 116228676 - Page 8 of 11

## X.
## PRESERVATION OF EVIDENCE

25.     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs; videotapes; audiotapes; records; business or medical records; bills; estimates; invoices; checks; correspondence; memoranda; files; facsimiles; e-mails; voice mails; text messages; investigations; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute spoliation of the evidence.

## XI.
## TRCP 193.7

26.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless valid objections to authenticity are made pursuant to this rule.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing or trial hereof, the Court enter judgment in Plaintiff's favor for actual damages, punitive/exemplary damages, costs of court, pre- and post-judgment interest at the maximum rate allowed by law, and for such other and further relief to which Plaintiff may be justly entitled.

Certified Document Number: 116228676 - Page 9 of 11

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
    Muhammad S. Aziz
    State Bar No. 24043538
    Morgan F. Mills
    State Bar No. 24128625
    800 Commerce Street
    Houston, Texas 77002
    Telephone: (713) 222-7211
    Facsimile: (713) 225-0827
    E-mail: maziz@awtxlaw.com
    E-mail: mmills@awtxlaw.com

-and-

**SHANE PELLERIN LAW FIRM, P.C.**

By: */s/ Shane R. Pellerin*
    Shane R. Pellerin
    State Bar No. 24062329
    7341 Spencer Highway
    Pasadena, Texas 77505
    Telephone: (281) 217-6804
    Facsimile: (844) 812-7183
    E-mail: shane@pellerinlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

10

Certified Document Number: 116228676 - Page 10 of 11

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 91555886
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition
Status as of 9/3/2024 8:26 AM CST

Associated Case Party: CARLOS QUINTANILLA JR.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Muhammad S.Aziz | | maziz@awtxlaw.com | 9/2/2024 1:33:27 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 9/2/2024 1:33:27 PM | SENT |
| Morgan Mills | | mmills@awtxlaw.com | 9/2/2024 1:33:27 PM | SENT |
| Shane Pellerin | | shane@pellerinlawfirm.com | 9/2/2024 1:33:27 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 28, 2024

Certified Document Number:        116228676 Total Pages:  11

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**