

10/21/2024 8:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 93406092
By: Joseph Lopez
Filed: 10/21/2024 8:09 PM

**CAUSE NO.  2024-58616**

| | | |
|---|---|---|
| **CARLOS QUINTANILLA, JR.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **JASON BROWN, C R TRANSPORT,** | § | |
| **INC. AND LYONDELL CHEMICAL** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendants.* | § | **55ᵗʰ JUDICIAL DISTRICT** |

## DEFENDANT JASON BROWN'S ORIGINAL ANSWER

COME NOW, Defendant Jason Brown ("Defendant"), and files this, its Original Answer to Plaintiff Carlos Quintanilla's ("Plaintiff") Original Petition, and in support thereof respectfully shows the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby generally denies each and every, all and singular, allegations contained in Plaintiff's Original Petition, and hereby demands that the Plaintiff be required to strictly prove each and every element of each and every claim by a preponderance of credible evidence.

### II.   AFFIRMATIVE DEFENSES AND OTHER PLEADINGS

Pleading further, and in the alternative where appropriate, Defendant asserts the following affirmative defenses and other pleadings or responses to Plaintiff's claims against Defendant. By asserting any affirmative defense or other pleading or response herein, Defendant does not assume or alter the burden of proof as to any cause of action or allegation that properly belongs to the Plaintiff. Defendant asserts the following affirmative defenses and other pleadings or responses to Plaintiff's claims without admitting liability or responsibility, all of which is denied.

1.      Pleading further, if such is necessary, Defendant denies that it breached any duty owed to the Plaintiff under Texas law and, therefore, Defendant is not liable for any claims asserted by the Plaintiff.

2.      Pleading further, if such is necessary, Defendant asserts that the conduct of all other parties to this lawsuit should be compared by the court and jury under the doctrine of comparative responsibility as set forth in the TEXAS CIVIL PRACTICES AND REMEDIES CODE § 33.001 *et seq.* In the unlikely event the Plaintiff obtains any award of damages in this case, Defendant's liability, if any, for any such recovery should be limited to its respective percentage of comparative responsibility in accordance with Chapter 33 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

3.      Pleading further, if such is necessary, Defendant asserts that, in the unlikely event the Plaintiff obtains any award of damages in this case, Plaintiff's recovery should be reduced in proportion to Plaintiff's percentage of comparative responsibility and, in the event Plaintiff's responsibility exceeds 50%, Plaintiff is not entitled to any recovery.

4.      Pleading further, if such is necessary, Defendant asserts that, in the unlikely event it is found liable to the Plaintiff, which liability Defendant expressly denies, Defendant is entitled to a credit or offset for any and all sums the Plaintiff has received or may hereafter receive by way of any and all settlements arising from the Plaintiff's claims in this case.

5.      Pleading further, if such is necessary, Defendant asserts that, to the extent Plaintiff has received benefits from certain collateral sources (including other litigation) and has, in any way, been compensated, in whole or in part, for any alleged injuries that are indivisible with injuries, if any, alleged herein, then such compensation serves as a bar or reduction to any injuries or damages, if any, alleged by the Plaintiff.

6.      Pleading further, if such is necessary, Defendant pleads and asserts that any recovery for medical or health care expenses allegedly incurred by the Plaintiff, if any, is subject to the limitations set forth in the TEXAS CIVIL PRACTICES AND REMEDIES CODE § 41.0105.

7.      Pleading further, if such is necessary, Defendant pleads and asserts that recovery for alleged lost earnings, if any, is limited to a net loss after reduction for federal income tax obligations. Further, this Court is required to instruct the jury regarding the application of federal income taxes to Plaintiff's claims for compensatory damages. TEXAS CIVIL PRACTICES AND REMEDIES CODE § 18.091.

8.      Pleading further, if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant expressly reserves its rights under Chapters 32 and 33 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE regarding an election of credit and reduction in the amount of damages to be recovered by the Plaintiff, if any.

9.      Pleading further and/or in the alternative if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that Plaintiff has failed to mitigate damages.

10.     Pleading further and in the alternative, if such is necessary, and without admitting liability or responsibility, all of which is denied, Plaintiff's alleged injuries and/or conditions, if any, were caused in whole or in part by, or are the result of, pre-existing or other conditions unrelated to the underlying incident at issue.

11.     Pleading further and/or in the alternative, if such is necessary, and without admitting liability or responsibility, all of which is denied, in the unlikely event Defendant is ordered to pay pre-judgment interest for unaccrued damages, which liability Defendant expressly denies, such an award would violate the following provisions, among others, of the Constitution

of the State of Texas and the U.S. Constitution: (i) Trial by Jury, TEX. CONST. Art. I, §15; (ii) Due Process, U.S. CONST. AMEND V and XIV, TEX. CONST. Art. I, §13; and (iii) Constitutional Rights are Inviolate, TEX. CONST. Art. I, §28. Further, Defendant pleads the limitations for pre-judgment interest as set forth in the Texas Finance Code.

12.    Pleading further, if such is necessary, Defendant pleads and asserts that it is entitled to all applicable caps and limitations upon any award of damages, including punitive and exemplary damages, pursuant to the provisions of Chapter 41 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE (including, but not limited to, §§41.001, 41.004, 41.005, 41.006, 41.007, 41.008, 41.009, 41.010, and 41.011) and any other applicable statute, common law, or rule of law, including, but not limited to, all rights and protections guaranteed by the Fourth, Fifth, Sixth, Seventh, Eight, and Fourteenth Amendments to the United States Constitution and Sections 3, 9, 13, and 19 of Article I of the Texas Constitution.

13.    Pleading further and/or in the alternative, if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that, in the unlikely event of any award of punitive or exemplary damages in this case, which liability Defendant expressly denies, Plaintiff is barred under Chapter 41 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE from recovering pre-judgment interest on any such award.

14.    Pleading further and/or in the alternative, if such is necessary, and without admitting liability or responsibility, all of which is denied, Defendant asserts that permitting the recovery for exemplary or punitive damages against Defendant, if any, within the limitations provided under the TEXAS CIVIL PRACTICES AND REMEDIES CODE is arbitrary, capricious, unreasonable and/or excessive and in violation of the United States Constitution and the Texas Constitution.

15.     Pleading further, if such is necessary, Defendant herby gives notice that it intends to rely upon any other defense that may become available or appear during any discovery proceedings in this cause and hereby reserves its right to amend the answer to plead or assert any such defense.

### III.     INTENT TO USE PLANITFF'S DOCUMENTS

Pursuant to TEXAS RULE OF CIVIL PROCEDURE § 193.7, Defendant hereby gives notice to Plaintiff that Defendant will use, in any pretrial processing or trial of this cause, any documents produced by the Plaintiff in response to written discovery.

### IV.     DEMAND FOR JURY TRIAL

Defendant Jason Brown hereby demands a trial by jury and submits the appropriate jury fee.

### V.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant Brown requests that upon trial or final hearing hereof the Court enter a take nothing judgment on all claims asserted by Plaintiff; that Defendant be discharged and that this Court tax all costs against Plaintiff; and that it be granted such other and further relief, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**MACDONALD DEVIN MADDEN KENEFICK & HARRIS, P.C.**

/s/ Jennifer A. Cheek
**PATRICK F. MADDEN**
State Bar No. 00787943
PMadden@MacdonaldDevin.com
**JENNIFER A. CHEEK**
State Bar No. 24095098
JCheek@MacdonaldDevin.com

12770 Coit Road, Suite 1100
Dallas, Texas 75251
214.744.3300 Telephone
214.747.0942 Facsimile

**ATTORNEYS FOR DEFENDANT
JASON BROWN**

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Texas Rules of Civil Procedure, the undersigned served a true and correct copy of the foregoing document on all counsel of record via e-filing, on this 21st day of October 2024.

/s/ Jennifer A. Cheek
**JENNIFER A. CHEEK**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Courtney Reed on behalf of Jennifer Cheek
Bar No. 24095098
creed@macdonalddevin.com
Envelope ID: 93406092
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant C R Transport Inc. Original Answer
Status as of 10/22/2024 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Forrest Wynn | | fwynn@hdwlegal.com | 10/21/2024 8:09:43 PM | SENT |
| Mary  Borrego | | mborrego@hdwlegal.com | 10/21/2024 8:09:43 PM | SENT |
| Abby Lamprecht | | alamprecht@hdwlegal.com | 10/21/2024 8:09:43 PM | SENT |
| Muhammad S.Aziz | | maziz@awtxlaw.com | 10/21/2024 8:09:43 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 10/21/2024 8:09:43 PM | SENT |
| Morgan Mills | | mmills@awtxlaw.com | 10/21/2024 8:09:43 PM | SENT |
| Shane Pellerin | | shane@pellerinlawfirm.com | 10/21/2024 8:09:43 PM | SENT |
| Lily Porter | 24144091 | lporter@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |
| eService PFM | | eservicePFM@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |
| Frank D.Sanceri | | fsanceri@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |
| Patrick FMadden | | pmadden@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |
| Jennifer A.Cheek | | jcheek@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |
| Courtney Reed | | creed@macdonalddevin.com | 10/21/2024 8:09:43 PM | SENT |