United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS QUINTANILLA, § § *Plaintiff,* § VS. § JASON BROWN, CR TRANSPORT, INC., § § *Defendants.* § § | CIVIL ACTION NO. 4:24-cv-04160 |

## ORDER

Pending before the Court is Defendant Jason Brown's ("Defendant" or "Brown") Motion to Stay this proceeding based on a corresponding criminal matter pending in the 232nd District Court of Harris County. (Doc. No. 16). Plaintiff Carlos Quintanilla ("Plaintiff") responded in opposition, (Doc. No. 20), Defendant replied, (Doc. No. 21), and Plaintiff filed a sur-reply. (Doc. No. 22). Considering the relevant facts and law, the Court **GRANTS** the Motion to Stay. (Doc. No. 16). This case is hereby **STAYED** until November 1, 2025.

I.  **Background & Procedural Posture**

This case arises from a motor vehicle accident that occurred on April 1, 2024. (Doc. No. 1-2 at 3). Plaintiff alleges that Defendant repeatedly swerved his 18-wheeler into the adjacent lanes and eventually struck Plaintiff's vehicle from the side. (*Id.*). As a result of the wreck, Plaintiff alleges that he suffered significant injuries. (*Id.* at 4). Plaintiff then sued Brown for negligence and gross negligence, and Brown's employer, CR Transport, Inc., for negligence under a *respondeat superior* theory, and for negligent hiring, retention, and entrustment, on the grounds that Brown's driving record made his employment an unreasonable risk. (*Id.* at 4–6). Defendants answered the suit and immediately removed to this Court. (Doc. No. 1).

Before filing this civil suit, Plaintiff filed a criminal complaint against Brown which led to a criminal indictment brought by the Harris County District Attorney's Office. (Doc. No. 17 at 1). While neither party describes the indictment in detail, it seems to charge Brown with assault with a deadly weapon based on his driving of the 18-wheeler truck. A pre-trial conference in the criminal proceeding occurred on April 2, 2025, in which probable cause was found. (Doc. No. 20-1 at 1). Due to the parallel criminal proceedings, Brown moved to stay the proceedings in this Court for six months, or until the criminal proceedings concludes, whichever comes first. (Doc. No. 16 at 1). Plaintiff opposes a stay on the grounds that Brown's assertion of his Fifth Amendment right does not satisfy his burden of overcoming the presumption in favor of fact discovery. (Doc. No. 20 at 1).

## II.    Legal Standards

A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *see Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1088 (5th Cir. 1979); *BHL Boresight, Inc. v. Geo-Steering Solutions, Inc.*, 2019 WL 280904 at *2 (S.D. Tex. Jan. 22, 2019) (Hanen, J.); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

"In a civil case, there is a strong presumption in favor of discovery, and the [movant] must overcome the presumption in its request for a stay." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (quoting *United States v. Geiger Transfer Serv.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997)). Indeed, it "'is the rule, rather than the exception' that civil and criminal cases proceed together." *Id.* (quoting *IBM v. Brown*, 857 F. Supp.

1384, 1387 (C.D. Cal. 1994)). To obtain a stay of a civil proceeding during the pendency of a parallel criminal proceeding, the movant must show "special circumstances" and "the need to avoid 'substantial and irreparable prejudice.'" *Id.* (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1981)).

In exercising its discretion, a court should consider the following factors: (1) the extent to which the issues in the criminal case overlap with the those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *BHL Boresight*, 2019 WL 280904 at *2. If these factors show that discovery implicates the party's privilege, a court may stay discovery. *State Farm Lloyds v. Wood*, 2006 WL 3691115, at *1 (S.D. Tex. Dec. 12, 2006) (Rosenthal, J.).

### III. Analysis

#### A. The Overlap of the Issues

The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay. "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." *Wood*, 2006 WL 3691115, at *2 (quoting *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003)).

The accident giving rise to this civil suit is the same accident underlying the felony indictment against Brown for assault with a deadly weapon seemingly based on his driving. Since Brown claims that he is innocent of the charges in the indictment, he argues that his Fifth Amendment rights would prohibit him from fully participating in the discovery process. (Doc. No.

3

16 at 4). Further, Brown argues that his Fifth Amendment right would also prejudice CR Transport by "limiting its ability to fully flesh out the facts of this case during the discovery process." (*Id.*). Plaintiff contends that the claims against CR Transport do not overlap because discovery will only concern documents relating to hiring practices and depositions of CR Transport employees—which do not involve Brown's criminal proceeding. (Doc. No. 20 at 4).

While there are issues unique to the civil proceeding, the underlying questions of fact regarding Brown's role in the accident are antecedent to the claims against CR Transport. As such, the Court finds that this factor weighs in favor of a stay.

### B. Status of the Criminal Proceedings

"In determining whether to grant a stay, a court must also consider the status of the related criminal proceedings, which can have a substantial effect on the balancing of the equities." *In re Adelphia Commc'ns Sec. Litig.*, No. 02-1781, 2003 WL 22358819, at *4 (E.D. Pa. May 13, 2003). If criminal indictments are returned against a civil defendant, a court should strongly consider staying the civil proceedings until the related criminal proceedings are resolved. *Wood*, 2006 WL 3691115, at *2; *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt. Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Civil proceedings, if not deferred, can undermine a defendant's rights, including the privilege against self-incrimination under the Fifth Amendment. *Wood*, 2006 WL 3691115, at *2.

In this case, Brown has been indicted and had a pre-trial hearing on April 2, 2025, in which the court found probable cause to move forward. (Doc. No. 17 at 4). As the criminal proceeding is moving forward, likely toward trial, the Court finds that this factor also weighs in favor of a stay.

### C. Interests and Burdens on the Plaintiff

Normally, "[i]n evaluating the plaintiff's burden resulting from the stay, courts may insist that the plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue

his claim." *Wood*, 2006 WL 3691115, at *2 (citing *In re Adelphia*, 2003 WL 22358819, at *4). The only prejudice that Plaintiff claims will result from the stay is that "[t]he memories of all parties involved, including eyewitnesses and investigating officers, will only fade with time, and the prompt resolution of both cases will save the parties, and the courts, time, money, and resources." (Doc. No. 20 at 5). While, certainly, Plaintiff has an interest in an expeditious resolution of the case for the ease of litigation and resources, this is not the sort of real prejudice contemplated by this factor. As such, the Court finds that this weighs in favor of the stay.

### D. Interests and Burdens on the Defendant

As Brown is under criminal indictment for the exact same conduct at issue in this case, and because the facts between the two cases overlap substantially, the risks to the fair resolution of the criminal case outweigh the benefits of expedition in the civil case. *See Wood*, 2006 WL 3691115 at *3. Requiring Brown to participate in full fact discovery and litigate any Fifth Amendment issues while defending against a simultaneous criminal prosecution is likely to create a substantial burden on Defendant. Thus, this factor weighs in favor of a stay.

### E. Interests of the Court

A court must analyze whether, and to what extent, the outcome of the criminal proceeding would serve to simplify or "streamline" the issues and any possible discovery disputes. *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 406 (S.D. Tex. 2009). While this Court is always concerned with the prompt resolution of all cases—even complicated cases like this one—it also recognizes that permitting the civil case to proceed could burden it with "thorny Fifth Amendment questions." *BHL*, 2019 WL 280904 at *2. Additionally, however, a court always "has an obligation to move its docket, and not let cases languish before it." *Alcala*, 625 F. Supp. 2d at 407.

Here, the civil case would be largely streamlined by the resolution of the criminal case. If Brown is found guilty in the criminal case, likely establishing his civil liability for the wreck, it would significantly narrow the unresolved claims against CR Transport. In addition, Brown only requests a six-month stay—this significantly reduces the potential for prejudice if the criminal proceeding languishes on. Based on the potential Fifth Amendment issues and the limited duration of the requested stay, the Court finds that it would not burden the Court's interest in judicial efficiency. This factor, therefore, weighs in favor of the stay.

*F. Public Interest*

The public has an interest in the resolution of disputes with minimal delay, but only to the extent that the integrity of the defendant's rights can be maintained. *Alcala*, 625 F. Supp. 2d at 407. As such, "the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Wood*, 2006 WL 3691115, at *3. Brown has now been indicted, and his case seems to be proceeding toward trial. His ability to prioritize his criminal defense without the additional cost and effort of civil discovery is vital to protect the integrity of his criminal case. Further, as stated above, the resolution of the criminal proceeding will directly narrow the issues in this case. Based on the significant overlap of the issues, and the definite duration of the stay requested, the Court to find that the stay would protect the public's interest in the integrity of the criminal justice system. This factor also weighs in favor a stay.

**IV.     Conclusion**

Based on the Court's findings that each relevant factor supports staying this proceeding, the Court hereby **GRANTS** Defendant Jason Brown's Motion. (Doc. No. 16). This case is hereby **STAYED** until November 1, 2025. Both parties are **ORDERED** to provide the Court with a status

update by November 1, 2025, at which point a motion to extend the stay can also be filed. Any response in opposition must be filed by November 22, 2025.

Signed this 2nd day of May, 2025.

                                                Andrew S. Hanen
                                                United States District Judge